# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **TIMOTHY CHARLES OLIVER**<br>     **LA. DOC #577906** | **CIVIL ACTION NO. 3:12-cv-2660** |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES T. TRIMBLE** |
| **JACKSON CORRECTIONAL**<br>**CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Timothy Charles Oliver, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 18, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Rayburn Correctional Center, Angie, Louisiana; however, he complains that he was attacked by a fellow inmate when he was incarcerated at the Jackson Correctional Center (JCC)sometime in September 2011. Plaintiff sued the JCC requesting only that charges be pressed against his attacker and "further legal action." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Law and Analysis*

#### *1. Screening*

When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).   A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* 596 U.S. 662,  129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably

meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further amendment is unnecessary.

### 2. Juridical Entity

Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a  corrections facility or prison management company has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  To the extent plaintiff seeks judgment against these defendants, he must show that they are juridical persons capable of being sued.

It does not appear that the JCC is a juridical entity capable of being sued. Therefore, as to this defendant, plaintiff has failed to state a cause of action.

### 3. Failure to Protect

Plaintiff implies that someone is liable for failing to protect him from assault by a fellow inmate. The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and they must take reasonable measures to guarantee the safety of the inmates in their custody.

*See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." *Farmer*, 511 U.S. at 834.  When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the his  health and safety.  *Id.*

In other words, it is only a prison official's <u>deliberate indifference to a substantial risk of serious harm to an inmate</u> that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To establish a failure to protect claim, a "prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir.1995), citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff has not shown that any official associated with JCC knew that he faced a

4

substantial risk of serious harm from attack on the part of his fellow inmate; nor has he shown

that anyone actively desired the harm that ultimately befell plaintiff.  In short, having failed to

show that anyone associated with JCC was deliberately indifferent, plaintiff's failure to protect

claim must be denied as frivolous.

### 4. Criminal Charges

Finally, plaintiff asks only that criminal charges be pressed against his unnamed assailant.

Decisions on whether to prosecute or file criminal charges against an individual lie within the

prosecutor's discretion, and private citizens, such as plaintiff,  do not have a constitutional right

to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619

(1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914

F.2d 56, 60 (5th Cir. 1990). In short, the relief plaintiff seeks is unavailable in this civil action.

### Conclusion and Recommendation

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be

granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response

to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 22, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

6